UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CEDRIC JONES, SR.,            )
                              )
    Plaintiff,                )
                              )
      v.                      )   NO.  3:12-1338
                              )   Judge Sharp/Bryant
JEFRE S. GOLDTRAP,            )
                              )
    Defendant.                )

TO: The Honorable Kevin H. Sharp

### REPORT AND RECOMMENDATION

Defendant Jefre S. Goldtrap has filed his motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on grounds of lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted (Docket Entry No. 57). Specifically, defendant Goldtrap argues that this Court lacks subject-matter jurisdiction of the claims against him because neither of the two bases of federal court jurisdiction, diversity of citizenship and federal question, exist in this case.

Plaintiff Jones has filed a response (Docket Entry No. 70) in which he states that although he does not agree with all of the assertions of defendant Goldtrap, he does agree that defendant Goldtrap was not acting "under color of state law" when defendant served as plaintiff's defense counsel in the state law criminal proceeding giving rise to the complaint. Plaintiff further states in his response that "plaintiff does to object to dismiss Jefre Goldtrap at this time and may subpoena him later or refile."

It appears from the complaint that plaintiff's claims against defendant Goldtrap arise from alleged shortcomings by Goldtrap in his representation of plaintiff as defense counsel in an underlying state criminal proceeding. As stated earlier in this record, the United States Supreme Court has held that a lawyer does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 324-25 (1981). In order to state a civil rights claim pursuant to 42 U.S.C. § 1983, a plaintiff must establish that the defendant violated plaintiff's constitutional rights while acting under color of state law. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006).

From the record in this case, the undersigned Magistrate Judge finds that since defendant Goldtrap was not acting under color of state law when the facts alleged in the complaint occurred, plaintiff has failed to state a claim against this defendant upon which relief can be granted under 42 U.S.C. § 1983. In addition, since the complaint fails to state a claim under a federal statute, this Court lacks subject-matter jurisdiction of the claims against defendant Goldtrap. For these reasons, the undersigned Magistrate Judge finds that plaintiff's complaint against defendant Goldtrap should be DISMISSED.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate

Judge RECOMMENDS that defendant Goldtrap's motion to dismiss should be GRANTED for failure to state a claim upon which relief can be granted and lack of subject-matter jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 12th day of June 2013.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge