```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

CEDRIC JONES, SR.,                )
                                  )
      Plaintiff,                  )
                                  )       No. 3:12-cv-1338
         v.                       )       Judge Sharp/Bryant
                                  )
JEFRE S. GOLDTRAP,                )
CHERYL A. BLACKBURN,              )
                                  )
      Defendants.                 )
```

To: The Honorable Judge Kevin H. Sharp

## Report and Recommendation

Before the court is a motion to dismiss filed on behalf of Defendant Cheryl A. Blackburn, a Criminal Court Judge in the state of Tennessee, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 60). Concerning this 42 U.S.C. § 1983 action, Defendant specifically argues (1) that the statute of limitations bars this claim, (2) that the doctrine of absolute judicial immunity applies to her, (3) that the Eleventh Amendment bars any claim for monetary damages, (4) that no claim upon which relief can be granted was stated, and (5) that the Younger abstention doctrine applies. Plaintiff responded in opposition. (Docket Entry No. 80).

Plaintiff's pro se complaint was filed on December 31, 2012 (Docket Entry No. 1), and an amended complaint, filed on March 6, 2013, added Judge Blackburn as a defendant and included

1

claims against her (Docket Entry No. 17).  Plaintiff alleges Judge Blackburn, who is presiding over Plaintiff's criminal case in Davidson County, violated his constitutional rights in six ways:  (1) failing to immediately appoint Plaintiff counsel on June 29, 2011; (2) improperly forcing Plaintiff to pay for drug testing, most recently on December 15, 2011; (3) ignoring motions filed by Plaintiff in Defendant's court; (4) prohibiting Plaintiff from speaking in court on May 11, 2011; (5) failing to report attorney misconduct to the Board of Professional Responsibility; and, (6) refusing to recuse herself as a judge despite an alleged conflict of interest.  As a result, Plaintiff requests relief in the form of compensatory and punitive damages and various kinds of injunctions (e.g., "another judge," "release from jail pending my trial," certain hearings, and a new trial).

Section 1983 contains no federal statute of limitations, but the Supreme Court held in Wilson v. Garcia that the limitations period of a § 1983 action is determined by the local jurisdiction's time limitation for personal injury suits. 471 U.S. 261, 266, 267, 280 (1985).  Tennessee Code Annotated § 28-3-104(a) sets a one-year limitations period for personal injuries in Tennessee, which also applies to § 1983 claims brought in Tennessee.  See Berndt v. State of Tenn., 796 F.2d 879, 883 (6th Cir. 1986).

Defendant's argument that Plaintiff's claims are barred by the statute of limitations applies to most of Plaintiff's claims because Plaintiff states that they occurred prior to March 6, 2012, including that Judge Blackburn failed to immediately appoint Plaintiff counsel, improperly forced Plaintiff to pay for drug testing, and prohibited Plaintiff from speaking in court.  Plaintiff either alleges no dates for the remaining claims, or they fall within the one-year period prior to the filing of Plaintiff's Amended Complaint.

In any event, the undersigned finds that the doctrine of absolute judicial immunity applies to the extent that Plaintiff seeks monetary relief, as does the <u>Younger</u> abstention doctrine to the extent that Plaintiff seeks injunctive relief with respect to  an ongoing state judicial proceeding.  Thus, all claims against Judge Blackburn should be dismissed.

Concerning judicial immunity, the Supreme Court has said,

> The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.  Accordingly, the "touchstone" for the doctrine's applicability has been performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.

Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993) (quotation omitted). In other words, the "touchstone" is "whether an act by a judge is a 'judicial' one." Stump v. Sparkman, 435 U.S. 349, 362 (1978). In turn, the court delineated two factors in Stump to determine whether a particular action was "judicial." First is whether the nature of the judge's act "is a function normally performed by a judge." Id. Second, a court must consider what the expectations of the parties were, such as whether the plaintiff dealt with the judge in her judicial capacity. Id.

Here, it is clear that both factors are satisfied. Every act alleged, from Judge Blackburn's failing to appoint counsel for Plaintiff to refusing to recuse herself from the case, is an act of judicial nature. There is no doubt that these are actions "normally performed by a judge." Stump, 435 U.S. at 362. Likewise, the only interaction between Judge Blackburn and Plaintiff was in her courtroom; Plaintiff could have no expectation that he was dealing with her in any way other than in her official judicial capacity. Therefore, Judge Blackburn is entitled to absolute judicial immunity to the extent that plaintiff seeks monetary damages.

What remains are Plaintiff's requests for injunctive relief. Here, the Younger doctrine of abstention requires this federal court to abstain from considering the parts of this case

that relate to an ongoing state court proceeding.[1] The Younger abstention doctrine, first articulated in Younger v. Harris, 401 U.S. 37 (1971), is grounded in the concept of comity between federal and state courts and recognizes the principles of federalism that our legal system is built upon, requiring a federal court to abstain from a case when a state court still retains jurisdiction over a related state case and that state court provides an adequate remedy. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987); Younger, 401 U.S. at 43-44. The Sixth Circuit applies Younger abstention when three considerations are satisfied: (1) the underlying proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise a constitutional challenge. Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 538 (6th Cir. 2001); see Parker v. Com. of Ky., Bd. Of Dentistry, 818 F.2d 504, 508 (6th Cir. 1987).

These three considerations are clearly met here. First, Plaintiff's prayers for relief, such as asking for a detention hearing or to be released prior to trial, indicate

---

[1] Plaintiff has filed a motion asking this court to invoke the Younger abstention doctrine. (Docket Entry No. 81). However, it is clear that Plaintiff misapprehends the doctrine, so in construing his motion liberally to benefit Plaintiff, the undersigned will not use Plaintiff's own motion to his detriment.

5

that his trial was ongoing at the time his complaint was filed.[2] Second, there is no doubt that there is clearly a state interest at stake: execution of state criminal laws. Finally, Plaintiff has ample opportunity to raise these constitutional claims before the state courts. For the federal court to enjoin the state court presiding over Plaintiff's criminal trial would completely throw the notions of comity and federalism to the wind. Thus, the undersigned concludes that this court should abstain from adjudicating Plaintiff's claims for injunctive relief against Defendant Blackburn.

### Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to DISMISS filed on behalf of Defendant Blackburn be GRANTED with prejudice with respect to Plaintiff's claim to monetary damages, and without prejudice with respect to any claim to injunctive relief. As a result, all pending motions should be denied as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said

---

[2] "[I]f a state proceeding is pending at the time the action is filed in federal court, the first criteria for Younger abstention is satisfied." Federal Exp. Corp. v. Tennessee Public Service Com'n, 925 F.2d 962, 969 (6th Cir. 1991).

6

objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

       **ENTERED** this 27th day of June, 2013.

                           <u>s/ John S. Bryant</u>
                           JOHN S. BRYANT
                           UNITED STATES MAGISTRATE JUDGE